IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF HERMAN STUTZER, EXECUTOR, ETC., OF AUGUSTUS JULIUS GEORGE SCHUTZ, DECEASED.

*Will — construction of a clause granting an annuity.*

A testator gave to his widow "an annuity, or yearly allowance of fifteen hundred dollars, United States currency (the United States currency to be calulated at the rate of one hundred and ten dollars currency for every one hundred dollars United States gold, if at the time when the above payments commence specie payments should have been resumed, and also if gold should have gone higher), payable to her order at the expiration of every three months." At the time the will was executed gold was 114, and when the first amount was paid to the widow under the will specie payments had been resumed.

*Held,* that the intention of the testator was to give his widow $1,500 currency per year; that if gold was at par, then ten per cent was to be added to the gold price, payable in currency; that if gold was above par ten per cent was to be added to the market price of gold, payable in currency, and the sum thus made was to be the $1,500 called for by the will.

That gold being at par she was entitled to an annuity of $1,650 in currency.

APPEAL from a judgment, entered in the Surrogate's Court of Brooklyn, upon the settlement of the accounts of an executor.

The question in dispute involved the proper construction of the following clause of the testator's will:

"*Fourth.* I give, devise and bequeath unto Elizabeth Partrich Schutz, *nee* Hutchins, of Concord, New Hampshire, my legal wife, all and every of my household furniture, linen, wearing apparel, books and plate; and I further devise to the same Elizabeth Partrich Schutz an annuity, or yearly allowance of 'fifteen hundred' dollars, United States currency (the United States currency to be calculated at the rate of one hundred and ten dollars currency for every one hundred dollars United States gold, if at the time when the above payments commence, specie payments should have been resumed, and also if gold should have gone higher), payable to her order at the expiration of every three months. As soon as my oldest child reaches the age of fourteen years, the above mentioned annuity is to be increased by 'two hundred and fifty' dollars, thus making a total of 'seventeen hundred and fifty' dollars, United States currency per annum. As soon as my second child reaches the age of fourteen years, the last mentioned sum is to be further increased by 'two hundred and fifty' dollars, United States currency, thus making a total of two thousand dollars of the said currency per annum. And if other legitimate children should be born to us, the same condition to be observed for each and every one of them. With this annual allowance my wife is to defray, besides the necessary expense of maintaining the family, the cost of educating my children, their instruction in such branches as hereinafter mentioned, and to clothe them respectably and in keeping with their station in society. As soon as any of my children becomes of age, or if any of them should be taken away from this life before reaching the age of twenty-one years, for each and every one of them the sum of two hundred and fifty dollars, United States currency, is to be deducted from the above mentioned annuity, until it reaches the original sum of 'fifteen hundred' dollars, United States currency."

*S. M. Parsons*, for the appellants.

*George G. Dutcher*, for the respondents.

BARNARD, P. J.:

The will does not in terms or by fair intendment provide for a reduction of the annuity to be paid to his widow, below $1,500 in United States currency. The meaning of the testator is very obscure. The clause out of which the question arose is as follows: "And I further devise to the same Elizabeth Partrich Schutz, an annuity or yearly allowance of 'fifteen hundred' dollars, United States currency (the United States currency to be calculated at the rate of one hundred and ten dollars currency for every one hundred dollars United States gold, if at the time when the above payment commence, specie payments should have been resumed, and also if gold should have gone higher), payable to her order at the expiration of every three months."

At the time the will was executed gold was 114, and when the annuity was first paid, specie payments had been resumed. The learned surrogate holds that this was a gift of gold payable in currency, and when gold and currency became equivalent, that the widow was entitled to $1,363.64 in currency, because currency was at par with gold. If it was a gift of $1,363.64 in gold, under the plain words of the will the widow was to have currency, and at the rate of $110 currency to $100 gold, this would give the widow $1,500 yearly in currency, with a gold basis, as held by the surrogate. In so far therefore as the surrogate reduced the annuity below $1,500 in currency, I think the decree erroneous.

A graver question remains; whether the will and the facts of the case do not call for the sum of $1,650, payable in currency, to fulfill the intention of the testator, as expressed in the clause in question. He gave currency. He added $250 in currency when each of his two children arrived at the age of fourteen. He also provided that this sum of $250 currency should cease after the children arrived at age. He adds up in each case of increase the sums in currency to be paid to the widow as follows, in the case of the first increase, "thus making a total of seventeen hundred and fifty dollars United States currency per annum," and in the second case in these words, thus making a total of $2,000 of the said currency per annum, and he provides for the reduction "until it reaches the original sum of fifteen hundred dollars United States currency."

In the case of the annuity to the wife only, is any provision made for an increase of ten per cent in paper money over gold. This increase depends upon the contingency of the resumption of specie payments, and also upon the contingency that gold should rise higher, when the first payment became the right of the widow. There is no plain mention of any rate to which this word "higher" can be applied. Does the will require the happening of both contingencies, or either of them? Is the widow to have an annuity of $1,500 in paper, with ten per cent added, whether specie payments were resumed or not? The testator could not have intended the happening of both contingencies. If specie payments were resumed, gold and paper would be equal. In view of the amount of the estate, $82,447.11, and of the burden put upon the widow in respect to the maintenance and education of the children, the intent of the testator was this: A gift of $1,500 currency per year. If gold was at par, then ten per cent to be added to the gold price, payable in currency. If gold was above par, ten per cent was to be added to the market price of gold, payable in currency, and the sum thus made was to be the $1,500 called for by the will. That the word "higher" means above par.

My conclusion therefore is, that the widow is entitled to $1,650 annuity, in currency, to pay her annuity.

The surrogate's decree should be modified accordingly, costs of both parties out of the estate.

DYKMAN, J., concurred.

GILBERT, J., concurred in reversal, but only to the extent that the decree should be for annuity to the widow of $1,500 per year.

Part of decree appealed from reversed, and widow adjudged entitled to annuity of $1,650 per annum; costs to all parties out of the estate.